UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMANDA U. AJULUCHUKU,
    Plaintiff,

    v.                                                                       C.A. No. 04-12542-WGY

UHAUL OF MASSACHUSETTS,
    Defendant.

---

AMANDA AJULUCHUKU,
    Plaintiff,

    v.                                                                       C.A. No. 04-12585-WGY

BANK OF AMERICA,
    Defendant.

---

AMANDA AJULUCHUKU,
    Plaintiff,

    v.                                                                       C.A. No. 04-12473-DPW

UNIVERSITY OF MASSACHUSETTS,
    Defendant.

## ORDER RE: PLAINTIFF'S PLEADINGS

YOUNG, C.J.

    On February 4, 2005, Plaintiff Ajuluchuku filed Civil Cover Sheets, Applications to Proceed Without Prepayment of Fees, and Complaints. The Plaintiff does not identify these documents as related to actions in this Court, and absent such identification, they would appear to be new civil actions filed by the Plaintiff. She also does not state the purpose of these pleadings. Upon review of these documents, however, they appear to be proposed pleadings related to cases previously filed by

Plaintiff, and assigned as Ajuluchuku v. U-Haul of Massachusetts, C.A. 04-12542-WGY and Ajuluchuku v. Bank of America, C.A. 04-12585-WGY. Plaintiff also filed similar pleadings relating to Ajuluchuku v. University of Massachusetts, Civil Action No. 04-12473-DPW.

In light of this, the following is hereby ORDERED:

1. The Clerk's Office is directed not to assign new docket numbers to these filings.

2. In view of the fact that both Ajuluchuku v. U-Haul of Massachusetts, C.A. 04-12542-WGY and Ajuluchuku v. Bank of America, C.A. 04-12585-WGY have been dismissed by this Court for failure to show cause, it is hereby ORDERED, that any filings made subsequent to the dismissals of these two cases shall be treated as motions to reconsider the dismissal, and as such, Plaintiff's motions are Denied with prejudice.

3. With respect to the filings made in Ajuluchuku v. University of Massachusetts, Civil Action No. 04-12473-DPW, since that case is undergoing preliminary screening and has not been served, those documents shall be deemed to be an Amended Complaint pursuant to Fed. R. Civ. P. 15. and shall be docketed accordingly.

4. Plaintiff's various Applications to Proceed Without Prepayment of Fees are denied as moot in view of this Order.

It is FURTHER ORDERED that Plaintiff is advised that continued filings relating to the dismissed claims contained in either Ajuluchuku v. U-Haul of Massachusetts, C.A. 04-12542-WGY or Ajuluchuku v. Bank of America, C.A. 04-12585-WGY will be deemed by this Court to be made in bad faith, absent a statement by the Plaintiff specifically indicating the purpose of the filing. Merely filing revised pleadings (complaints and cover sheets) and new Applications to proceed *in forma pauperis*, shall not be deemed a sufficient showing.

Plaintiff is further advised that failure to comply with this directive may result in monetary

sanctions pursuant to this Court's inherent authority and under Federal Rule of Civil Procedure 11,[1]

and/or an Order enjoining Plaintiff from filing new actions absent leave of Court.

SO ORDERED.

DATED: March 2, 2005

/s/ William G. Young
WILLIAM G. YOUNG
CHIEF, UNITED STATES DISTRICT JUDGE

---

[1] Under Rule 11, the Court may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious. See Fed. R. Civ. P. 11(b)(1), (2); Eagle Eye Fishing Corp. v. Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) (pro se parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); Pronav Charter II, Inc. v. Nolan, 206 F. Supp. 2d 46, 53 (D. Mass. 2002) (Rule 11 applies to pro se litigants) (citation omitted).