# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
IN CLERKS OFFICE
2005 FEB -4

U.S. DISTRICT COURT
DISTRICT OF MASS

**I.(a) PLAINTIFFS**
Amanda U. Ajuluchuku
Amanda (Rose) Clark

**DEFENDANTS**
University of Massachusetts
Dartmouth
Bristol

**(b)** County of Residence of First Listed Plaintiff ____Clark____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Amanda U. Ajuluchuku
1240 Boulder Hwy, #3204
Las Vegas, NV 89121

Attorneys (If Known)  N/A

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

Americans Disabilities Act

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): ADA 12101 et seq and Civil Rights Act 1964
Brief description of cause: Violation of the ADA, locked me out, threatened me with Police, cancelled my classes

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 2,000,000,000.
JURY DEMAND: ☒ Yes ☐ No
CHECK YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 2/4/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO 240 (Rev. 6/86) Application to Proceed

FILED
IN CLERKS OFFICE

# United States District Court
DISTRICT OF ~~[illegible]~~ Massachusetts

2005 FEB -4 P 3: 54 A
U.S. DISTRICT COURT

Anluchuku, Amarie

**APPLICATION TO PROCEED IN FORMA PAUPERIS, SUPPORTING DOCUMENTATION AND ORDER**

V.

University of Massachusetts        CASE NUMBER:

I, _Amarie Anluchuku_, declare that I am the (check appropriate box)

☒ petitioner/plaintiff

☐ movant (filing 28 U.S.C. 2255 motion)

☐ respondent defendant

☐ _____ other

in the above-entitled proceeding; that, in support of my request to proceed without being required to prepay fees, cost or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or give security therefor; that I believe I am entitled to relief. The nature of my action, defense, or other proceeding of the issues I intend to present on appeal are briefly stated as follows:

In further support of this application, I answer the following questions.

1. Are you presently employed?        Yes ☐  No ☒
   a. If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer. (list both gross and net salary)

   b. If the answer is "no," state the date of last employment and the amount of the salary and wages per month which you received.  _6/26/04_      _480/month_

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession or other form of self-employment      Yes ☒  No ☐
   b. Rent payments, interest or dividends?                       Yes ☐  No ☒
   c. Pensions, annuities or life insurance payments?             Yes ☐  No ☒
   d. Gifts or inheritances?                                       Yes ☐  No ☒
   e. Any other sources?                                           Yes ☐  No ☒

*[handwritten at top: I earned 91,085.00 in the last 12 months]*

AO 240 Reverse

If the answer to any of the above is "yes," describe each source of money and state the amount received from each during the past twelve months. *91,085.00 in the last 12 months*

*Temporary work*

3. Do you own any cash, or do you have money in checking or savings accounts?
   Yes ☐  No ☒  (Include any funds in prison accounts.)
   If the answer is "yes," state the total value of the items owned.

4. Do you own or have any interest in any real estate, stocks, bond, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing)?
   Yes ☐  No ☒
   If the answer is "yes," describe the property and state its approximate value.

5. List the persons who are dependent on you for support, state your relationship to those persons, and indicate how much you contribute toward their support.
   *My son. He is in college in Memphis*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __2/1/05__
              (Date)                                    Signature of Applicant

---

**CERTIFICATE**
*(Prisoner Accounts Only)*

I certify that the applicant named herein has the sum of $ _____ on account to his credit at the _____ institution where his is confined. I further certify that the applicant likewise has the following securities to his credit according to the records of said institution: _____ I further certify that during the last six months the applicant's average balance was $_____

_____
Authorized Officer of Institution

---

**ORDER OF COURT**

| The application is hereby denied | The application is hereby granted. Let the applicant proceed without prepayment of cost or fees or the necessity of giving security therefor. |
|---|---|
| _____ Date  United States Judge | _____ Date  United States Judge or Magistrate Judge |

FILED
IN CLERKS OFFICE

2005 FEB -4  P 2:57

U.S. DISTRICT COURT
DISTRICT OF MASS.

In the United States District Court of Massachusetts at Boston

| AMANDA U. AJULUCHUKU, Plaintiff, Vs. University of Massachusetts, Dartmouth, Defendant | No. Complaint Discrimination based upon disability classified under 446 as "Other Civil Rights-Americans with Disabilities" on the Cover Sheet of the U.S. District Court. Motion For Relief Note on Calendar February 25, 2005 |
|---|---|

To the Clerk of the Court

### A). NAMES AND ADDRESSES OF PLAINTIFF AND DEFENDANT

Amanda U. Ajuluchuku
4240 Boulder Hwy. #3204
Las Vegas, NV 89121
Phone (702) 505-5745

January 31, 2005

University of Massachusetts
285 Old Westport Road
North Dartmouth, MA 02740
Phone (508) 999-8000
Attn: Chancellor and Provost

## B). FACTS OF THE CASE (ALLEGATIONS)

1). On June 20, 2003, a day before my birthday (June 21), I signed a housing contract with University of Massachusetts Dartmouth. My son, Justus Jason Ajuluchuku (17 years old) also had a housing contract with University of Massachusetts. Due to discriminatory practices in Maryland, he was prevented from traveling with me to Massachusetts.

2). My son and I reserved two dorm rooms with Jennifer Letendre, the resident director. My son and I were scheduled to attend summer school at University of Massachusetts Dartmouth and Southern New England School of Law in North Dartmouth. After summer school, we were hoping to proceed to the Fall 2003 semester in both University of Massachusetts Dartmouth and Southern New England School of Law in North Dartmouth. Southern New England School of Law houses their first year law students at University of Massachusetts. Before arriving in Massachusetts, I completed the Financial Aid package. I sent my 1040 tax returns to the school. My son and I were given two dorm rooms at University of Massachusetts.

3). I attended the summer school (Torts) from June 2003 through July 2003. However, I was not accepted into the law school for Fall 2003. Dean Robert Ward, Jr. cited my low LSAT score. He urged me to reapply the following year. When I found out that Morgan State University had deliberately sent my son's transcript of four Fs and one D to Law School Admissions Council (LSAC) in June 2003, I tried to contest my October 2002 LSAT results, LSAC declined. They explained that I had not met the sixty days' deadline. I sat for the October 2002 LSAT in Maryland at University of Maryland Baltimore County (UMBC).

4). I capitalized on the fact that I was already at University of Massachusetts Dartmouth. I applied to their MBA/Graduate Certificate of Management. I was accepted. Again, I completed the financial aid with University of Massachusetts Dartmouth. Fortunately, the Graduate Certificate of Management/MBA proved to be less expensive than the law school. As a graduate student, I was entitled to receive $18,500.00 a year since I was not working. Tuition, room and board for the entire year at University of Massachusetts Dartmouth was less than $12,000.00. The Financial Aid Office told me when I turned in my 2002 1040 tax return that I would receive the difference (more than $3,250.00 a semester or $6,500.00 for the two semesters) in October 2003 and February 2004) for living expenses. I received my financial aid within a month when I was a graduate student at National University in California from 1994 through 1995 via Citibank. National University was aware of my disability. They complied with the law.

5). <u>When I was a baby, I fell down a flight of stairs. I injured my brain in the process. As a consequence, I lack motor skills. Playing the piano at age six rewired my brain and accorded me minimal motor skills. I have recurring short-term memory loss, dizziness, cold chills, fainting spells, and headaches.</u>

6). I received headaches, stress, and injuries from both William Mitchell, Associate Vice Chancellor of Finance and John Wichser, Director of Housing and Residential Life. They put me through hell. I told them about my disability. But they denied me access to financial aid. They summoned me at a moment's notice to their offices. Sometimes, they

were not present. They made a career of leaving messages on my dorm telephone number and dorm rooms. It did not matter if it were midnight. They slipped stuffed envelopes through the door of my dorm room. They threatened me with eviction, police, lockout, and withdrawal from all classes and food.

7). At one point, William Mitchell summoned me again to his office. He was not present. However, his office was unlocked. There was absolutely nothing in his office. All his furniture and belongings had suddenly vanished. I inquired about him from several people. They were unable to give me an explanation. A few days later, I was summoned again to his office. I found him, his belongings and another colleague in the same office.

8). I fell several times on my way to their offices. Both men refused to lift a finger to help me. I sought help at the Chancellor's and Provost's Offices. Their assistants told me that they were busy with meetings. William Mitchell added insult to injury. He promised that I would not succeed with either the Chancellor or the Provost because his decision was final.

9). On October 16, 2003, William Mitchell vowed that he would withdraw me from all my classes (Financial Accounting and Marketing) and cancel my meal plan If I did not leave or come with the money by October 31, 2003. I immediately went to his office to tell him about the financial aid in place. I also told him that my father had died on October 7, 2003. I told him that I was in mourning. He did not offer any condolences. Instead, he threatened me with the Police. I gave him proof of my citizenship. I had applied for a passport. The passport office had not issued it. I was an A student in both classes. Both of my professors, Dr. Frederick Jones and Dr. Steven White pleaded with William Mitchell to allow me to finish the semester. But his refusal was adamant, extreme, and ironclad.

10. William Mitchell was unstoppable. In November 2003, he canceled my meal plan. I was deprived of food for many weeks. Not to mention that I was also penniless. He still refused to grant me financial aid.

11. In November or December 2003, both William Mitchell and John Wischler changed the lock on my dorm room. Consequently, I became homeless. Again, I was threatened with Police. Both men breached my contract with University of Massachusetts.

12). I took refuge in South Station, Logan International Airport, and some hotels in Boston. Boston has good public transportation as opposed to North Dartmouth. I registered with Accounting agencies. I volunteered at Special Olympics International in Brockton, Massachusetts. However, I became very sick due to my homelessness. Boston is a very cold city. I threw up at Logan International Airport and South Station. My blood pressure rose to alarming heights.

13). In December 2003, I met my fiancé in Boston. He was born and raised in Boston. He took a leave from his Department of Defense to visit his ailing mother. He fell madly in love with me. On January 1, 2004, he proposed marriage. On January 7, 2004, he flew me from Boston to Washington for marriage on a one way ticket (ATA)

### C). DISCRIMINATION

1). According to Black Law's Dictionary, edited by Byran A. Garner, Discrimination is the effect of a law or established practice that confers privileges on a certain class or

AMANDA U. AJULUCHUKU
4240 BOULDER HWY. #3204
LAS VEGAS, NV 89121
AMANDAAJULUCHUKU@YAHOO.COM

denies privileges to a certain class because of race, age, sex, nationality, religion or handicap. State laws provide further protection against protection. Differential treatment especially a failure to treat all persons equally when no reasonable distinction can be found between the favored and those not favored. <u>Invidious discrimination</u> is based upon prejudice or stereotyping.

2). University of Massachusetts Dartmouth preyed upon my disability. They breached our housing contract. They changed the locks. They threatened me with the Police. They refused to award me financial aid.

### D). DISABILITY

1). "Physical disability is an incapacity caused by a physical defect, bodily imperfect or mental weakness." "An individual with a disability is defined by the ADA as a person who has a <u>physical</u> or mental <u>impairment</u> that substantially limits one or more major life activities, a person who has <u>a history of record of such an impairment</u>, or a person who is perceived by others as having such an impairment. The ADA does not specifically name all of the impairments that are covered.

2). When I was a baby, I fell down a flight of stairs. I injured my brain in the process. As a consequence, <u>I lack motor skills. Playing the piano</u> at the age of six <u>rewired my brain</u> and accorded me <u>minimal motor skills</u>. Dizziness and fainting spells are symptoms of my disability. I have a record of disability with Dr. Mark Schwartz. I have received disability benefits from the State of California and Provident Life Insurance. The State of California issued me a permanent disabled placard for driving.

### E). LIABILITY

1). <u>I am entitled to relief under the American Disability Act 12101 et seq. and Civil Rights Act 1964.</u>

### F). MENTAL OR EMOTIONAL DISTRESS

1). "Mental or emotional distress is a highly mental unpleasant mental reaction such as anguish, grief, fright, humiliation, dizziness, fainting spells, memory loss, embarrassment, anger, chagrin, worry, disappointment, or fury that results from another person's conduct. Again, I am quoting from Black Law's Dictionary. Mental distress constitutes emotion pain and suffering. "When mental distress is extreme, there is liability."

2). <u>I suffered panic attacks, anxiety, high blood pressure, memory loss, dizziness, anger, frustrations, furor, disappointments, falls, and fainting spells (seizures).</u>

### G). PRAYER FOR RELIEF

I would like the court to do something. Please do not condone the discriminatory practices of University of Massachusetts. They intentionally discriminated against me. They violated laws, as well as breached our contract. I became homeless and penniless. I was entitled to financial aid. I am an American citizen. "America is a free country for all" (President Jefferson, 1776). "I hope that someday, everyone will be judged by the content of their character and not by the color of their skin" (Dr. Martin Luther King, Jr., 1968). According to the Civil Rights Act 1964, University of Massachusetts Dartmouth is liable. Both men should face disciplinary action for their misconduct, misdoing, and misbehavior. According to the American Disability Act 12101 et seq., no disabled person shall be denied access to financial aid. America is a great country owing

to the diversity of her people. As a disabled person, I also have a voice. I pray that my voice will be heard today. I have been singled out for a reason. I would like to think it is because I have the capacity to speak on behalf of all disabled persons. Hundred years from now, I pray that America would lead the world in shaping the minds of wrongdoers. We as a nation have the capability to rise above evil, stereotypes, and hate crimes. In doing so, we have come to do what God has put US on earth to do. Honesty is the best policy. I have told the truth. I know that when I leave this earth, my conscience will be clear. Please remember that "America is a free country for all" (President Jefferson, 1776). "I have a dream that one day everyone will be judged by the content of their character and not by the color of their skin" (Dr. Martin Luther King Jr. 1968). Finally, I would like the court to order University of Massachusetts to send my transcript to me and LSAC. I was a straight A student. However, William Mitchell hated the fact that I was performing above par in my two graduate classes. Both Drs. Jones and White recommended me for law school. Their letters of recommendation are registered with LSAC.

Your Honor, granting me $2,000,000,000.00 (two billion dollars) for compensatory and punitive damages is a matter of law.

Amanda U. Ajuluchuku (Pro Se)

AMANDA U. AJULUCHUKU
4240 BOULDER HWY. #3204
LAS VEGAS, NV 89121
AMANDAAJULUCHUKU@YAHOO.COM

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMANDA U. AJULUCHUKU,
    Plaintiff,

v.

UHAUL OF MASSACHUSETTS,
    Defendant.

C.A. No. 04-12542-WGY

---

AMANDA AJULUCHUKU,
    Plaintiff,

v.

BANK OF AMERICA,
    Defendant.

C.A. No. 04-12585-WGY

---

AMANDA AJULUCHUKU,
    Plaintiff,

v.

UNIVERSITY OF MASSACHUSETTS,
    Defendant.

C.A. No. 04-12473-DPW

## ORDER RE: PLAINTIFF'S PLEADINGS

YOUNG, C.J.

On February 4, 2005, Plaintiff Ajuluchuku filed Civil Cover Sheets, Applications to Proceed Without Prepayment of Fees, and Complaints. The Plaintiff does not identify these documents as related to actions in this Court, and absent such identification, they would appear to be new civil actions filed by the Plaintiff. She also does not state the purpose of these pleadings. Upon review of these documents, however, they appear to be proposed pleadings related to cases previously filed by Plaintiff, and assigned as <u>Ajuluchuku v. U-Haul of</u>

Massachusetts, C.A. 04-12542-WGY and <u>Ajuluchuku v. Bank of America</u>, C.A. 04-12585-WGY. Plaintiff also filed similar pleadings relating to <u>Ajuluchuku v. University of Massachusetts</u>, Civil Action No. 04-12473-DPW.

In light of this, the following is hereby ORDERED:

1. The Clerk's Office is directed not to assign new docket numbers to these filings.

2. In view of the fact that both <u>Ajuluchuku v. U-Haul of Massachusetts</u>, C.A. 04-12542-WGY and <u>Ajuluchuku v. Bank of America</u>, C.A. 04-12585-WGY have been dismissed by this Court for failure to show cause, it is hereby ORDERED, that any filings made subsequent to the dismissals of these two cases shall be treated as motions to reconsider the dismissal, and as such, Plaintiff's motions are Denied with prejudice.

3. With respect to the filings made in <u>Ajuluchuku v. University of Massachusetts</u>, Civil Action No. 04-12473-DPW, since that case is undergoing preliminary screening and has not been served, those documents shall be deemed to be an Amended Complaint pursuant to Fed. R. Civ. P. 15. and shall be docketed accordingly.

4. Plaintiff's various Applications to Proceed Without Prepayment of Fees are denied as moot in view of this Order.

It is FURTHER ORDERED that Plaintiff is advised that continued filings relating to the dismissed claims contained in either <u>Ajuluchuku v. U-Haul of Massachusetts</u>, C.A. 04-12542-WGY or <u>Ajuluchuku v. Bank of America</u>, C.A. 04-12585-WGY will be deemed by this Court to be made in bad faith, absent a statement by the Plaintiff specifically indicating the purpose of the filing. Merely filing revised pleadings (complaints and cover sheets) and new Applications to proceed *in forma pauperis*, shall not be deemed a sufficient showing.

Plaintiff is further advised that failure to comply with this directive may result in monetary sanctions pursuant to this Court's inherent authority and under Federal Rule of Civil

Procedure 11,[1] and/or an Order enjoining Plaintiff from filing new actions absent leave of Court.

SO ORDERED.

DATED: March 2, 2005

/s/ William G. Young
WILLIAM G. YOUNG
CHIEF, UNITED STATES DISTRICT JUDGE

---

[1] Under Rule 11, the Court may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious. See Fed. R. Civ. P. 11(b)(1), (2); Eagle Eye Fishing Corp. v. Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) (pro se parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); Pronav Charter II, Inc. v. Nolan, 206 F. Supp. 2d 46, 53 (D. Mass. 2002) (Rule 11 applies to pro se litigants) (citation omitted).