UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMANDA U. AJULUCHUKU,
   Plaintiff,

              C.A. No. 04-12473-DPW

 v.

UNIVERSITY OF MASSACHUSETTS,
   Defendant.

## MEMORANDUM AND ORDER

WOODLOCK, D.J.

  For the reasons stated below, plaintiff is directed to show cause in writing, within thirty-five (35) days of the date of this Memorandum and Order, why this case should not be dismissed.

## BACKGROUND

  On November 29, 2004 Plaintiff Amanda Ajuluchuku filed an Application to proceed *in forma pauperis*, along with a *pro se* complaint. The complaint is not entirely coherent and contains a variety of extraneous, irrelevant, and immaterial factual contentions and non-sequiturs[1]. From what can be gleaned however, Plaintiff alleges personal injury and discrimination claims based on color and

---

[1]For instance, she states:

Boston has good public transportation as opposed to North Dartmouth. I registered with Accounting agencies. I volunteered at Special Olympics International in Brockton, Massachusetts. However, I became very sick due to my homelessness. Boston is a very cold city. I threw up at Logan International Airport and South Station. My blood pressure rose to alarming heights. In December 2003, I met my fiancé at South Station in Boston. He was born and raised in Boston. He took a leave from his Department of Defense to visit his ailing mother. He fell madly in love with me. On January 1, 2004 he proposed marriage. On January 7, 2004 he flew me from Boston to Washington for marriage on a one-way ticket (ATA).

Complaint, ¶¶13-14.

disability, as well as breach of contract, against the University of Massachusetts ("U-Mass"), as a result of the alleged actions of William Mitchell, the Associate Vice Chancellor of Finance and John Wischler, Director of Housing and Residential Life.  The underlying dispute stems from the denial of financial aid for her schooling, which Plaintiff asserts led to the her inability to attend classes, the cancellation of her meal plan for lack of payment, and her eviction from the dormitory.  This, in turn, resulted in joblessness, homelessness and aggravated health problems.   In the complaint Plaintiff sought $1 billion dollars in damages.

On December 7, 2004,  Plaintiff's Application to proceed without prepayment of fees was Allowed, however, no summonses were issued pending further preliminary screening of this case pursuant to 28 U.S.C. §1915.

On February 4, 2005,  Plaintiff made further filings relating to this dispute, which this Court deemed to be an Amended Complaint, by Order of Chief Judge Young, dated March 7, 2005 (See docket #12).  The Amended Complaint is substantially identical to the original Complaint, with a few minor alterations and allegations.  For instance, on page 1 in the caption, Plaintiff has changed the alleged cause of action from "PI/Discrimination based on color and disability, including breach of contract" to "Discrimination based upon disability under 446 as "other civil rights-American with Disabilities" on the Cover Sheet of the U.S. District Court Motion for Relief Note on Calendar February 25, 2005" (Amended Complaint, page 1).  Additionally, paragraph 11 concerning her alleged disability due to brain damage sustained as a  baby, was moved to an added section entitled

"Disability."[2] Further, Plaintiff has added other headings to the Amended Complaint, entitled "Discrimination"[3], "Liability"[4], and "Mental or Emotional Distress".[5] Those sections do not contain any new relevant facts supporting her claims, but merely bold assertions that she is entitled to relief. Finally, in the Amended Complaint, Plaintiff increases her monetary demand from $1 billion to $2 billion dollars.

## ANALYSIS

I.  Plaintiff's claims are subject to screening pursuant To 28 U.S.C. §1915.

Because Plaintiff has sought permission to proceed in this action without prepayment of the filing fee, her complaint is subject to the screening provisions of 28 U.S.C. §1915. See 28 U.S.C. §1915 (proceedings *in forma pauperis*). Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2).

---

[2] In this section Plaintiff asserts she is a disabled person as a result of a physical and mental impairment which occurred when she was a baby and fell down a flight of stairs, injuring her brain. She claims that dizziness and fainting spells are symptoms of her disability.

[3] Here, Plaintiff claims that defendant "preyed" upon her disability by breaching the housing contract and changing the locks, and threatening to call the police.

[4] In this section Plaintiff makes no factual assertions, but claims she is entitled to relief under the "American Disability Act" and "Civil Rights Act 1964."

[5] Plaintiff quotes from Black's Law Dictionary defining mental or emotional distress. She claims she suffers panic attacks, high blood pressure, memory loss, dizziness, anger, frustration, furor, disappointments, falls, and fainting spells/seizures.

II.  <u>Plaintiff's Complaint Is Subject To Dismissal</u>

Although the Court recognizes that *pro se* complaints must be liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), Plaintiff's claims in this case are nevertheless subject to dismissal.  Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This standard sets forth a relatively low pleading threshold, and generally, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint.  <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002).

As indicated above, Plaintiff's Amended Complaint is virtually incoherent, and is replete with deficiencies under Fed. R. Civ. P. 8(a), even under a generous reading and utilizing a low pleading requirement for *pro se* litigants. While Plaintiff claims to be disabled, nowhere does she allege any facts which would raise any discrimination or ADA claim. Although Plaintiff does allege violations of federal law, she has failed to demonstrate any nexus between the alleged actions of the defendants and such violations of law.   Even assuming that Plaintiff has established she is has a qualified disability under the ADA, or that she is falls within a protected class because of her race (which is not pled here), her claims that U-Mass employees William Mitchell and John Wischler, saw her fall and did not lend a helping hand, do not remotely raise a discrimination claim for either race or disability.[6]  Similarly,

---

[6]I note that Plaintiff has raised virtually identical contentions against Bank of America employees in <u>Ajuluchuku v. Bank of America,</u> C.A. 04-12585-WGY.  The complaint filed in that action contains similar claims for relief.  That action has been dismissed for failure to state a cognizable legal claim.  Plaintiff's other related action, <u>Ajuluchuku v. U-Haul,</u> C.A. 04-12542-WGY has also been dismissed

Plaintiff's bold assertion that she was denied promised financial assistance, without more, fails to state a such a claim.

With respect to any civil rights claims pursuant to 28 U.S.C. §1983 which she may be attempting to present, Plaintiff fails to allege any governmental action by the defendant, through the actions U-Mass. employees, nor does she allege any other bases which would subject the defendant to liability under §1983.  In any event, to the extent Plaintiff seeks to raise a such a claim against U-Mass. based on the actions of its employees, such claim is without an arguable legal basis, because liability under §1983 is direct and not vicarious.  See, e.g., Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (no *respondeat superior* liability under §1983; liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights); accord Guzman v. City of Cranston, 812 F.2d 24, 26 (1st Cir. 1987) (same); Rodriguez-Vazquez v. Cintron-Rodriguez, 160 F. Supp. 2d 204, 210-213 (D. P.R. 2001).   Finally, Plaintiff does not allege that U-Mass. is not an alter ego of the Commonwealth of Massachusetts for Eleventh Amendment sovereign immunity purposes, or that Eleventh Amendment immunity has been waived under these circumstances.  See, e.g., Varlaarhoven v. Newman, 564 F. Supp. 145 (D.R.I. 1983)(Selya, J.).

Accordingly, in light of the above, Plaintiff's complaint, even as amended, lacks an arguable legal basis, and she has failed to establish how the jurisdiction of this Court may be properly invoked under 28 U.S.C. §1331.   Plaintiff has not alleged diversity as an independent basis of subject matter jurisdiction under 28 U.S.C. §1332, and even if this Court were to consider this as a basis, Plaintiff has

---

*sua sponte.*

5

not alleged that Eleventh Amendment immunity does not apply to bar this Court's jurisdiction.[7]

Finally, because I find that the asserted federal claims are subject to dismissal, and grounds do not appear to exist for independent subject-matter jurisdiction over any state-law claims (such as breach of contract), It is likely I will decline to exercise supplemental jurisdiction over any state claims, as a matter of discretion.  See  28 U.S.C. §1367(a).

## CONCLUSION

ACCORDINGLY, for the foregoing reasons, Plaintiff's complaint will be dismissed in thirty-five (35) days from the date of this Order unless Plaintiff shows good cause, in writing, before that time why it should not be so dismissed.

SO ORDERED.


DATED:  March 11, 2005

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

---

[7] Additionally, I note that although the parties would appear to be diverse, Plaintiff has not reasonably established that the amount in controversy meets the monetary requirements of §1332(a) (damages must exceed $75,000), notwithstanding that she seeks $2 billion in damages.  Even under a generous reading of her Amended Complaint, the financial aid package in dispute was in the range of about $6,000 to $18,500.  She has not sufficiently shown a nexus between the alleged breach of contract, and the tenuous claims of homelessness, joblessness, and medical ailments.